IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marlon Eugene Hasty,<br><br>   PETITIONER<br><br>  v.<br><br>United States of America,<br><br>   RESPONDENT | Crim No. 4:09-cr-00855-TLW<br>C/A No. 4:13-cv-00270-TLW<br><br><br>**Order** |

  This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Marlon Eugene Hasty. For the reasons stated below, the Court dismisses the petition.

## I. Factual and Procedural History

  On April 28, 2010, Petitioner pled guilty to conspiracy to possess with intent to distribute and distribution of 50 grams or more of crack cocaine, a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 846. On June 23, 2010, the Court sentenced him to 170 months imprisonment,[1] followed by a 10-year term of supervised release, and Judgment was entered on June 25, 2010. He did not file a direct appeal.

  Petitioner's sentence was enhanced pursuant to 21 U.S.C. § 851 based on two prior South Carolina state court drug convictions. On September 13, 2005, he was convicted of conspiracy to violate drug laws and was sentenced to 5 years suspended upon 3 years probation. On October 13, 2008, he was convicted of possession with intent to distribute crack cocaine and was

---

[1] On November 1, 2012, his prison term was reduced to 135 months after the Court granted the Government's Rule 35(b) motion.

1

sentenced to 5 years suspended upon service of 62 days and 3 years probation.

On January 25, 2013,[2] Petitioner filed this motion under 28 U.S.C. § 2255, stating four grounds for relief:  (1) his sentence was improperly enhanced; (2) ineffective assistance of counsel; (3) his sentence was imposed in violation of the laws of the United States; and (4) his sentence is otherwise subject to collateral attack.  On February 4, 2013, the Court ordered the Government to respond to Petitioner's motion within 30 days of the date of the order.  On February 26, 2013, the Government filed a motion requesting an extension of time to respond, which the Court granted in an order dated March 4, 2013, giving the Government 45 days from the date of the order to respond.  The Government did not file a response by that deadline.  On August 9, 2013, Petitioner filed a Motion for Default Judgment.  Five days later, on August 14, 2013, the Government filed a Response to Petitioner's § 2255 motion and a Motion for Summary Judgment.  On September 20, 2013, Petitioner filed a Reply to the Government's motion.  This matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence.  A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C.

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

§ 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a 28 U.S.C. § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III.  Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving

party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.  Discussion

### A.  Petitioner's Motion for Default Judgment

As an initial matter, in Petitioner's Motion for Default Judgment (Doc. #481), he asks the Court to enter judgment in his favor based on the Government's failure to file its response and motion for summary judgment within the deadline set by the Court.  Though the Government has not offered any excuse for filing its motion well beyond the deadline, the Court declines to enter judgment in Petitioner's favor on this ground, as default judgments are not appropriate in habeas actions, including § 2255 actions.  *See United States v. Ferguson*, No. 7:09-890-TMC, 2012 WL 260109, at *2 (D.S.C. Jan. 27, 2012); *see also Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (holding that "[t]he failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment"); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) (reasoning that "were district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer"); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (finding that "Rule 55(a) has no application in habeas corpus cases").

### B.  Government's Response and Motion for Summary Judgment

The Government filed a one-paragraph Motion for Summary Judgment (Doc. #483).  The Government also filed a one-page Response to Petitioner's § 2255 motion (Doc. #482).  In that

Response, the Government asserts that Petitioner's motion should be dismissed as untimely. Although the Government's filings are brief, the Court agrees with this position.

### 1. *Timeliness under the AEDPA*

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

#### a. *§ 2255(f)(1)*

Petitioner's motion is untimely under § 2255(f)(1). His conviction became final over two years before he filed his § 2255 motion. He was sentenced on July 26, 2010 and the Judgment was entered on July 30, 2010. He had 14 days after the entry of judgment to file an appeal, but he did not do so. Fed. R. App. P 4(b)(1)(A). When a defendant does not file a direct appeal, the judgment of conviction becomes final when the time for filing an appeal expires. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Accordingly, the judgment of conviction in Petitioner's case became final on or about August 13, 2010, which is also the date the one-year limitations period began to run. In his § 2255 motion, he refers to the filing date of the Amended Judgment, but this date is irrelevant because a Rule 35(b) resentencing does not affect the date

on which his judgment of conviction became final. *Sanders*, 247 F.3d at 143–44.

Thus, under § 2255(f)(1), he had one year—until approximately August 15, 2011—in which to file his motion. However, he did not file his motion until January 25, 2013, over two years after his judgment of conviction became final, and over one year after the statute of limitations for filing his motion ran. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(1).

          b.       *§ 2255(f)(2)*

The Court does not find that any triggering date set forth in § 2255(f)(2) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from making his motion. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(2).

          c.       *§ 2255(f)(3)*

To the extent that Petitioner contends that his motion is timely under § 2255(f)(3), which provides a one-year statute of limitations for rights newly recognized by the Supreme Court, this section does not alleviate his timeliness issues because he filed his motion more than one year after the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). He attempts to rely on the Fourth Circuit's decisions in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) and *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), both for their substantive holdings and as a basis to justify the lateness of his petition.

However, *Simmons* merely applied the rule announced in *Carachuri*, and *Miller* merely determined that *Simmons* announced a new substantive rule that is retroactive on collateral review. Additionally, *Simmons* and *Miller* are Fourth Circuit decisions, not Supreme Court

6

decisions. As such, neither *Simmons* nor *Miller* resets the clock on the limitations period under § 2255(f)(3). *See, e.g.*, *Anderson v. United States*, No. 5:12-cv-510-BO, 2013 WL 6504764, at *1 (E.D.N.C. Dec. 11, 2013) ("Here, like in *Powell*,[3] the government has not waived the statute of limitations under § 2255(f)(3). *Simmons* is not a Supreme Court case. Therefore petitioner's motion is untimely under § 2255(f)(3). *Miller* has not changed the law in this regard.").

Furthermore, even if *Simmons* did reset the clock, Petitioner's motion would still be untimely. *Simmons* was issued on August 17, 2011, but he did not file his motion until January 25, 2013, more than a year after *Simmons*.

Instead, the relevant case for purposes of the statute of limitations is *Carachuri*, which the Supreme Court issued on June 14, 2010. Thus, because he did not file his § 2255 motion until January 25, 2013, the one-year time period provided for in § 2255(f)(3) had expired. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(3).

Additionally, the Court notes that the predicate convictions in his case were South Carolina felony drug convictions.

          d.     *§ 2255(f)(4)*

To the extent Petitioner argues that his § 2255 motion is timely because the Fourth Circuit's decisions in *Simmons* and *Miller* are "facts" that warrants application of § 2255(f)(4), the Court disagrees. The issuance of a legal opinion that is not a part of a defendant's prior litigation history and does not apply directly to him is not a "fact" that triggers § 2255(f)(4). *United States v. Anderson*, No. 0:04-353-CMC, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012). Additionally, he has not alleged any other facts supporting his claim that would bring him within

---

[3] *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012).

§ 2255(f)(4). Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(4).

### 2. *Equitable Tolling*

Petitioner has made no argument or showing that the doctrine of equitable tolling should be applied in his case to excuse his untimeliness, nor does a review of the record reveal that it should apply. Though the AEDPA's one-year statute of limitations is subject to equitable tolling, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . [A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). There are generally two situations where equitable tolling could apply to a § 2255 motion: (1) where the petitioner was prevented from asserting his claim by some kind of wrongful conduct on the part of the government; or (2) where extraordinary circumstances beyond the petitioner's control made it impossible to file the claim on time. *Id.*

Neither of these situations is applicable here. Petitioner does not allege, much less establish, that the Government engaged in any wrongful conduct that prevented him from filing his § 2255 motion or that any extraordinary circumstances beyond his control prevented him from filing his motion within the statute of limitations. Accordingly, the Court finds that the doctrine of equitable tolling does not apply in this case.

## V.  Conclusion

For the reasons stated, the Government's Motion for Summary Judgment (Doc. #483) is

**GRANTED**, Petitioner's motion for relief pursuant to § 2255 (Doc. #422) is **DENIED**, and Petitioner's Motion for Default Judgment (Doc. #481) is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

December 23, 2013
Columbia, South Carolina

9